IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUTH J. McNULTY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3920 |
| | § | |
| TIME WARNER CABLE, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this employment discrimination case is a Motion for Summary Judgment ("Motion") [Doc. # 21] filed by Defendant Comcast of Houston, L.L.C.[1] Plaintiff Ruth J. McNulty, who now proceeds *pro se*, has failed to respond, and the deadline for doing so has passed. Upon review of the motion, all pertinent matters of record, and applicable law, the Court concludes that Defendant's Motion for Summary Judgment should be **granted**.

### I.    BACKGROUND

Plaintiff was formerly employed by Defendant and alleges that Defendant failed to promote her because of her race. Plaintiff further alleges that she was not paid the

---

[1] Originally, Plaintiff incorrectly named Defendant as Time Warner Cable. Plaintiff corrected this error by way of her Second Amended Complaint. *See* Motion for Leave to Amend [Doc. # 8].

same as similarly situated Caucasian employees. Aside from these two conclusory allegations, Plaintiff offers no facts or explanation bearing on her claims. After filing a complaint with the Equal Employment Opportunity Commission and receiving a "Notice of Right to Sue," Plaintiff timely filed this lawsuit in December 2006, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

Prior to serving Defendant, Plaintiff filed her First Amended Complaint [Doc. # 4]. In March 2007, Plaintiff was granted leave to file a Second Amended Complaint [Doc. # 9], which is the live pleading in this case.[2] Six months later, Plaintiff's counsel withdrew from this matter and the Court extended all pending deadlines to allow Plaintiff sufficient time to secure new representation or decide to continue *pro se*.

In March 2008, Defendant filed the pending Motion for Summary Judgment [Doc. # 21] and a Motion to Dismiss for Want of Prosecution [Doc. # 22]. The Court set a hearing on the latter motion, and subsequently received a Motion for Extension of Time [Doc. # 24] from Plaintiff. In it, Plaintiff detailed her difficulties communicating with her former attorney and explained that she had not been able to secure new representation. During the hearing regarding Defendant's Motion to Dismiss, Plaintiff further explained her belief that she was not under any deadline to

---

[2] Plaintiff's Motion for Leave to Amend [Doc. # 8] to file an amended complaint was unopposed.

retain a new attorney. The Court clarified deadlines and explained Plaintiff's obligation to diligently prosecute her case. The Court then extended all pending deadlines, providing Plaintiff an additional six weeks to file a response to Defendant's summary judgment motion. Plaintiff later sought, and received, an additional two week extension to file her response [Doc. # 28]. Despite these extended deadlines, Plaintiff has failed to respond to Defendant's motion.

## II.   LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir.

2003).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from the summary judgment record must be reviewed in the light most favorable to the non-moving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc*., 302 F.3d 531, 545 n.13 (5th Cir. 2002). Instead, the non-moving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380. In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Finally, pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4. However, when a plaintiff fails to respond to a defendant's motion for summary judgment, the failure to respond alone "is an

insufficient basis for a grant of summary judgment." *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995). The Court must consider the merits of the motion and ensure that the defendant has "establish[ed] the absence of a genuine issue of material fact before it can prevail" and obtain summary judgment in its favor. *Id.*

### III.  ANALYSIS

Plaintiff has alleged claims of race discrimination, cognizable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In order to overcome Defendant's summary judgment motion, Plaintiff must establish the existence of a genuine issue of material fact whether Defendant discriminated against her on the basis of her race. *See* FED. R. CIV. P. 56(c); *see also Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001).

Unlawful discrimination under Title VII may be established through either direct or circumstantial evidence. *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). Plaintiff's Second Amended Complaint, which is not admissible evidence, states only that "Defendant intentionally discriminated against Plaintiff because of her race in violation of Title VII by failing to promote . . . Plaintiff and by failing to pay her equally with similarly situated white employees."[3] Plaintiff alleges no specifics

---

[3]  Second Amended Complaint [Doc. # 9], ¶ 8.

in support. Also, as noted previously, Plaintiff has not responded to the pending motion. Thus, Plaintiff offers no direct evidence of discrimination. Her claim, therefore, is analyzed using the test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007); *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007); *Okoye*, 245 F.3d at 512.

Under this test, a plaintiff must initially establish a *prima facie* case of race discrimination, which raises a presumption of discrimination. *Id.*; *see also Rutherford v. Harris County*, 197 F.3d 173, 179–80 (5th Cir. 1999). To establish a *prima facie* case of race discrimination, a plaintiff must show "that she: (1) is a member of a protected class, (2) was qualified for her position, (3) was subject to an adverse employment action, and (4) . . . 'that others similarly situated [but outside the protected class] were treated more favorably.'" *Okoye*, 245 F.3d at 512–13 (quoting *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999)); *see also Alvarado*, 492 F.3d at 611.

If the plaintiff successfully establishes a *prima facie* case, the burden shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for its actions. *Okoye*, 245 F.3d at 512. If the defendant sustains its burden, "the presumption of discrimination dissipates." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d

212, 219 (5th Cir. 2001) (citing *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000)). The burden then "shifts back to the plaintiff to establish either: (1) that the employer's proffered reason is not true[,] but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *Alvarado*, 492 F.3d at 611(citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)). "The plaintiff bears the ultimate burden of persuading the trier of fact . . . that the employer intentionally discriminated against her because of her protected status." *Wallace*, 271 F.3d at 219–20 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511–12 (1993); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)); *see also Cheatham*, 465 F.3d at 582.

In this case, Plaintiff has offered no evidence or argument establishing a *prima facie* case of discrimination. Indeed, Plaintiff's Second Amended Complaint provides no facts in support of her allegations of discrimination and there are no other documents in the record containing any evidence. In short, Plaintiff has not identified *any* facts relevant to this suit and there is no indication of the conduct about which she complains. As Plaintiff has presented no facts to raise a genuine and material dispute, and because "a subjective belief of discrimination, however genuine, [cannot] be the basis of judicial relief," *Elliott v. Group Med. & Surgical Serv.*, 714 F.2d 556, 567

(5th Cir. 1983), Plaintiff's Title VII claims fail.

Defendant further points out that Plaintiff failed to respond to its Request for Admissions, which Defendant served on Plaintiff by certified and first class mail on January 3, 2007. Defendant argues that because of this failure to timely response, all matters in the request are deemed admitted as a matter of law. *See Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991). Among Defendant's requested admissions were statements asking Plaintiff to "admit or deny" that she was not subjected to any disparate treatment by Defendant, or that if she was, it was not based upon unlawful discrimination.[4] Thus, Defendant asserts that Plaintiff's lack of response must be construed as her admission that she was not subjected to race discrimination in violation of Title VII.

The Court recently learned that Plaintiff's zip code was incorrectly entered on the docket sheet in this case.[5] It appears Defendant mailed its Request for Admissions to the incorrect address.[6] Thus, the Court does not deem the Request for Admissions received by Plaintiff and does not rely on Plaintiff's failure to respond to the Request.

---

[4]   *See* Defendant's Motion for Summary Judgment [Doc. # 21], Exh. A: "Request for Admissions."

[5]   *See* Hearing Minutes and Order of April 1, 2008 [Doc. # 26].

[6]   *See* Defendant's Motion for Summary Judgment [Doc. # 21], Exh. A: "Request for Admissions."

Nonetheless, Defendant remains entitled to summary judgment as Plaintiff has failed to present admissible evidence in support of a *prima facie* case of discrimination.

## IV.   CONCLUSION

The Court is aware of Plaintiff's difficulties in securing representation in this matter.  However, Plaintiff's former counsel prosecuted this case for almost nine months before withdrawing, and Defendant did not file its motion for summary judgment for an additional six months.  Plaintiff had ample time to conduct discovery, retain new counsel, and respond to the pending motion.  Given the complete lack of factual support for Plaintiff's claims in the record, Defendant is entitled to the relief sought.  Accordingly, it is hereby

**ORDERED** that Comcast of Houston, L.L.C.'s Motion for Summary Judgment [Doc. # 21] is **GRANTED**.  This case is **DISMISSED WITH PREJUDICE**.

A separate final judgment will be entered.

SIGNED at Houston, Texas, this 4th day of **May, 2008**.

_____
Nancy F. Atlas
United States District Judge